Filed 2/23/15  P. v. Carter CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072530 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F06753) |
| v. | |
| DARRELL EUGENE CARTER, | |
| Defendant and Appellant. | |

Defendant Darrell Eugene Carter pleaded no contest to voluntary manslaughter and admitted personally using a firearm in the commission of the offense.  (Pen. Code, §§ 192, subd. (a), 12022.5, subd. (a).)[1]  He also pleaded no contest to being a felon in possession of a firearm (§ 12021, subd. (a)(1)) and three counts of brandishing a deadly weapon (§ 417, subd. (b)), and admitted he had a prior strike conviction (§ 12022.53, subd. (d)).  Sentenced to 37 years 4 months in prison, he appeals.

---

[1]  Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

1

The sole issue on appeal is the propriety of the trial court requiring defendant to pay a $287.78 main jail booking fee. (Gov. Code, § 29550.2.) Defendant contends the record does not support a finding that he has the ability to pay such a fee. He did not, however, object to the imposition of the fee in the trial court.

Defendant contends his failure to object in the trial court did not forfeit the issue for appeal. He noted in his brief, however, that the issue was pending before the California Supreme Court.

During the pendency of this appeal, the California Supreme Court issued its opinion in *People v. McCullough* (2013) 56 Cal.4th 589, holding that the failure to object to the imposition of a booking fee forfeits the argument on appeal that there was no evidence of the defendant's ability to pay such a fee. *McCullough* is binding on this court. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Accordingly, we conclude defendant's claim is forfeited.

## DISPOSITION

The judgment is affirmed.


                                             MURRAY            , J.


We concur:



    MAURO            , Acting P. J.



    DUARTE          , J.


2